IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| LOIS YATES,     ) | |
|     Plaintiff,     ) | |
| ) | CIVIL ACTION NO: |
| v.     ) | |
| ) |   1:19-cv-50-HSO-JCG |
| ) | |
| THE GAP, INC.     ) | |
|     Defendant.     ) | |

**COMPLAINT**

**I.     INTRODUCTION**

Plaintiff, Lois Yates, files this action, pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §12181, et. seq. In Count One of the Complaint, Plaintiff seeks to enjoin the Defendants to remove architectural barriers. In Count Two, Plaintiff seeks to enjoin Defendants to maintain practices, policies, and procedures necessary to maintain the premises free of architectural barriers and to provide equal access to all of its goods and services to individuals with disabilities. In Count Three, Plaintiff seeks to enjoin the Defendants' use of the premises to provide full and equal enjoyment of the Banana Republic environment to individuals with disabilities. Counts Two and Three seek independent relief in addition to the removal of architectural barriers. Count Four seeks to enjoin Defendants' failure to design and construct the establishment to be readily accessible to and usable by individuals with disabilities.

**I.     JURISDICTION, PARTIES, AND ARTICLE III STANDING**

**1.**     Because this is an action for declaratory and injunctive relief pursuant to Title III of the ADA 42 U.S.C. §12181, et seq., and its implementing regulations, this Court is vested

with original jurisdiction under 28 U.S.C. §1331 and §1343.

2. Venue is proper in this Court, the United States District Court for the Southern District of Mississippi, pursuant to Title 28, U.S.C. §1391 and the Local Rules of the United States District Court for the Southern District of Mississippi.

3. Plaintiff, Lois Yates, has malignancy (more commonly known as "cancer") as well as severe lung damage and chronic obstructive pulmonary disease. As a result, Ms. Yates uses mobility devices such as a walker and a wheelchair for mobility. The extent of Ms. Yates' physical disabilities limits her ability to care for herself, perform manual tasks, walk, stand, lift, bend, and work; all of which are major life activities pursuant to 42 U.S.C. § 12102 (2)(A). Ms. Yates is, accordingly, a person with a disability pursuant to the ADA, in that she has a physical impairment substantially limiting one or more major life activities. 42 U.S.C. § 12102; See also 28 C.F.R. § 36.104.

4. Plaintiff Lois Yates resides in Biloxi, Mississippi and lives within a thirty-minute drive of the Gulfport Premium Outlets in which The Gap store is located. She has shopped at the Gap store (hereinafter "the Gap") several times because she likes the contemporary, but enduring clothing styles which she considers unique to the Gap. She has definite plans to return to the Gap during 2019 to shop and verify compliance with the ADA. However, her desire to return is adversely affected by the inaccessible conditions at the facility, and the difficulty she experienced when attempting to access the dressing rooms, the sales counter and other parts of the facility.[1]

5. Defendant, the Gap store, is a corporation that is both registered to conduct

---

[1] The Eleventh Circuit, held in *Houston v. Marod Supermarkets*, 733 F.3d 1323 (11th Cir. 2013), that when architectural barriers have not been remedied *"there is a 100% likelihood that plaintiff…will suffer the alleged injury again when he returns to the store."*

business and is conducting business within the State of Mississippi sufficient to create both general and specific in <u>person am</u> jurisdiction. Upon information and belief, The Gap, Inc., "operates" and "leases" the Gap retail store located at 10400 Factory Shop Blvd, Gulfport, Mississippi 39503. 42 U.S.C. § 12182. The Gap store is a retail sales establishment and qualifies as a place of public accommodation. Therefore, The Gap Inc., as the owner and operator qualifies as a covered entity pursuant to 42 U.S.C. § 12181(7). Therefore, The Gap, Inc. qualifies as a place of public accommodation pursuant to 42 U.S.C. § 12181(7).

6. Defendant, the Gap store, is registered to and is doing business in Mississippi in connection with the ownership, operation or leasing of the premises described in paragraph 4 above. The Gap store is a retail sales establishment and qualifies as a place of public accommodation. 42 U.S.C. § 12181(7).

7. All events giving rise to this lawsuit occurred in the Southern District of Mississippi and the Defendants are citizens thereof.

8. Because of the barriers described herein Plaintiff has been denied full and equal enjoyment of the Defendants' premises on the basis of her disabilities.

9. Plaintiff accordingly, has Article III standing to pursue this case because (1) she is a person with a disability, pursuant to the statutory and regulatory definition; (2) the Defendants' retail store is a place of public accommodation, pursuant to the statutory and regulatory definition; (3) she has suffered a concrete and particularized injury, by being denied access to the Stores due to architectural barriers, by the Defendants' policies and practices described herein, and by Defendants' denial of the use of the Store for her full and equal enjoyment as compared to individuals without disabilities. and (4) because these architectural barriers and policies continue to exist, there is a genuine threat of imminent future injury, as

described herein. Although Plaintiff has plans during 2019 to return to the Gap, she is deterred from doing so by the barriers which she encountered on her last and previous visits to the store. (See Footnote 1)

II.     **COUNT ONE – FAILURE TO REMOVE ARCHITECTURAL BARRIERS**

10.  Plaintiff is informed and believes based on publicly available information that the Store was first constructed in 1995.

11.  Plaintiff is further informed and believes based on publicly available information that the Gap underwent alterations and/or improvements in 2012.

12.  All "alterations" made to existing facilities after January 26, 1992, and all newly constructed facilities for first occupancy after January 26, 1993, were required to have been built in strict compliance with the ADA 1991 new construction Standards. 42 U.S.C. § 12183(a) and (b). 28 C.F.R. § 36.402.  See 28 C.F.R. § 36.406(5)(ii) which states,

> Newly constructed or altered facilities or elements covered by §§ 36.401 or 36.402 that were constructed or altered before March 15, 2012 and that do not comply with the 1991 Standards shall, on or after March 15, 2012, be made accessible in accordance with the 2010 Standards.

**Architectural Barriers**

13.  When Plaintiff visited the store, she experienced the following barriers to access as a person with a disability. Some of the barriers Plaintiff encountered include, without limitation, the following:

Floor Mats

 **(1)**  The floor mats at the entrance and elsewhere fail to be maintained in conformance with the Standards, as they are not stable, firm, or otherwise secured to the floor;

Sales and/or Service Counters

 **(2)** The sales and/or service counters fail to comply with the Standards as follows:

  **(a)** There is not at least one of each type of sales and/or service counter that is maintained in conformance with the Standards so that the accessible counters are located adjacent to a required walking surface.

  **(b)** There is not at least one of each type of accessible sales and/or service counter with a portion of the counter at the required height and length while maintaining the maneuvering clearance for either a parallel or forward approach to the counter;

  **(c)** There is not at least one of each type of sales and/or service counter that is maintained free of merchandise or display items that encroach into the required clear counter surface;

  **(d)** There is not at least one of each type of sales and/or service counter which contains point of sale equipment that is accessible to individuals with disabilities;

Path of Travel Throughout Store Aisles

 **(3)** Defendant fails to maintain a 36-inch (accessible) path of travel and required turning space in and throughout the shopping aisles due to the placement of merchandise, display racks and other movable items which encroach into the required clear floor space.

<u>Dressing/Fitting Rooms</u>

**(4)** Defendant fails to provide at least one dressing room which is usable by individuals with disabilities as follows:

**(a)** The dressing room does not provide the required t-shaped and/or circular turning space, which is required for individuals with disabilities to maneuver in and throughout the room;

**(b)** The entrance door swings into the clear floor space required for maneuvering clearance;

**(c)** The coat hook fails to be maintained at the required height within an obstructed or unobstructed reach range;

**(d)** The bench seat fails to maintain the required clear floor space at the end of the bench;

<u>Women's Restroom</u>

**(5)** Plaintiff Elly experienced the following barriers in attempting to access the restroom in the Gap:

**(a)** When entering and/or exiting the restroom, Plaintiff found insufficient maneuvering clearance on either the push or pull side of the door as required by the Standards for individuals who use mobility devices;

**(b)** Defendant maintains movable items at the door in the maneuvering clearance which is required for individuals using mobility devices;

**(c)** The toilet room fails to maintain at least one ADA accessible water closet by conforming with the Standards so that the center line of the water closet is located 16-18 inches from the side wall;

  **(d)** The toilet room fails to maintain an ADA accessible side wall grab bar by conforming with the Standards so that the side wall grab bar is located 12 inches maximum from the rear wall;

  **(e)** The clear floor space around the water closet fails to be maintained in conformance with the Standards so that the trash can and/or other obstructions are not restricting the use of the water closet by individuals with disabilities;

  **(f)** The coat hook fails to conform with Standards so that the coat hook measures the required height within the unobstructed and/or obstructed reach ranges;

<u>Lavatory</u>

 **(6)** The clear floor space at the lavatory sink fails to be maintained in conformance with the Standards so that the knee and toe clearance does not restrict the usability by individuals with disabilities;

 **(7)** There is not at least one lavatory mirror that is maintained so that the bottom reflecting surface of the mirror measures a maximum of 40 inches above the finished floor;

 **(8)** The paper towel dispenser fails to be maintained in a usable condition so that its operable parts measure the required height within an unobstructed and/or obstructed reach ranges and do not require the use of tight grasping, twisting, and/or pinching of the wrist or otherwise restrict the continuous flow of paper;

 **14.** To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the Standards.

15. Unless Defendant takes remedial action, Plaintiff will continue to encounter the architectural barriers described herein, and, as a result, be discriminated against by Defendant on the basis of her disabilities.

16. Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. She is entitled to have her reasonable attorney's fees, costs and expenses paid by the Defendants pursuant to 42 U.S.C. §12205.

17. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to remove architectural barriers and bring the facility into compliance with the ADA Standards.

### III. COUNT TWO – FAILURE TO MODIFY POLICIES, PRACTICES AND PROCEDURES WHICH DENY EQUAL BENEFITS

18. Plaintiff incorporates by reference and realleges all the paragraphs above.

19. By its clear text, Title III requires a public accommodation to provide individuals with disabilities *more than simple physical access.* Removal of architectural barriers as described in Count One is only one component of compliance with the Statute. Thus, a place of public accommodation must not have and must modify any policy or practice which effectively, or directly denies access to goods or services to individuals with disabilities and prevents them from realizing the full and equal enjoyment of goods and services offered. 42 U.S.C. § 12182(b)(2)(A)(ii).

20. Defendant has failed to make modifications in its policies, practices, and procedures as follows:

   **(a)** Defendant has demonstrated that it has a policy of non-compliance with the ADA new construction Standards by its failure to design and construct the facility in compliance with the applicable Standards;

**(b)** The presence of architectural barriers identified in Count One demonstrates that the Defendant either has no policies or has failed to create, adopt, and/or implement policies and procedures for the removal of architectural barriers;

**(c)** Defendant's disregard for compliance with the ADA's alteration standards reflects, at a minimum, a policy which excludes persons with disabilities in the planning and implementation of alterations to the facility. Renovation of the facility afforded a post-construction opportunity to bring the Store into compliance with the Standards, but Defendant's policies and practices of non-compliance with the alteration standards effectively ensure that persons with disabilities continue to have unequal access to the facility;

**(d)** Defendant's procedure of placing merchandise and other items within the required clear counter space denies equal access to those areas for people with disabilities;

**(e)** Defendant's practice of allowing employees to place movable items and merchandise displays in the required path of travel throughout the Store aisles and in the maneuvering clearance at restroom doors denies individuals with disabilities the full use of these areas;

**(f)** As the continuing architectural barriers and the failure to provide full and equal use of the facility establishes, Defendants' existing practice, either explicitly or implicitly, is to remediate ADA Title III architectural barriers only upon demand by individuals with disabilities;

21. To date, the Defendant's discriminating policies, practices, and/or procedures have not been modified to afford goods, services, facilities, privileges, advantages, or other accommodations to individuals with disabilities.

22.     Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. She is entitled to have her reasonable attorney's fees, costs and expenses paid by the Defendants pursuant to 42 U.S.C. § 12205.

23.     Pursuant to 42 U.S.C. § 12188 this Court is authorized to enjoin the Defendant from engaging in these discriminatory policies, practices, and procedures.

24.     Therefore, the Plaintiff hereby demands that Defendant both create and adopt a corporate practice and policy that Defendant (a) will fully comply with the ADA design and alteration Standards so that architectural barriers identified in Count One are permanently removed from Defendant's establishment; and (b) Defendant will implement policies and procedures which provide individuals with disabilities, including those with mobility impairments, full and equal enjoyment and use of all goods and services;

IV.    **COUNT THREE – DENIAL OF FULL AND EQUAL ENJOYMENT**

25.     Plaintiff incorporates by reference and realleges all the paragraphs above.

26.     Discrimination on the basis of disability is a denial of the "full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations" and is prohibited. 42 U.S.C. 12182(a). Further, the ADA specifically makes it unlawful to provide individuals with disabilities with an "unequal benefit," and to relegate individuals with disabilities to a "different or separate" benefit. 42 U.S.C. §§ 12182(b)(1)(A))(ii)-(iii); 28 C.F.R. § 36.202(b)-(c).

27.     For that reason, the Act applies not only to barriers to physical access to places of public accommodation, but also to any policy, practice, or procedure which operates to deprive or diminish individuals with disabilities *full and equal enjoyment* of the privileges and *services* offered by the public accommodation. 42 U.S.C. 12182.

**28.** Plaintiff was denied full and equal access to the Store due to Defendant's denial of equal services and benefits. As compared to individuals without disabilities, Plaintiff experienced unequal treatment and inferior accommodations at Defendant's facility as follows:

**(a)** The inaccessible features of Defendant's sales and/or service counters denied Plaintiff the use of a counter with the proper height, clear floor space and clear surface area in order to provide her with an opportunity to equally transact business and access the point of sale machines;

**(b)** The inaccessible path of travel in and throughout Defendant's Store aisles makes it difficult, if not impossible, for Plaintiff to move freely, access merchandise, and, therefore, have an equal shopping experience;

**(c)** The inaccessible features of the dressing/fitting rooms make this area unusable by Plaintiff because the room lacks the maneuvering clearance, an accessible bench, as well as an unusable coat hook and other features.

**29.** Defendant's continued failure to maintain ADA accessibility as an integral part of the Store's facility and shopping experience has segregated or otherwise treated Plaintiff and others similarly situated differently, in that, the lack of accessible features and policies caused Plaintiff to be dependent on others to attempt access and caused her to be deterred from returning to this facility for fear of experiencing the same kind of discriminatory treatment.

**(a)** Defendants' conduct and unequal treatment of Plaintiff constitutes continuous discrimination in violation of the ADA; 28 C.F.R.§ 36.211(a).

**(b)**   Absent a Court ordered injunction, Defendant's will continue to deny Plaintiff equal access to the goods and services offered at the Store.

**(c)**   Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. She is entitled to have her reasonable attorney's fees, costs and expenses paid by the Defendant's pursuant to 42 U.S.C. § 12205.

**(d)**   Pursuant to 42 U.S.C. § 12188, this Court is authorized to enjoin the Defendant's from engaging in these continuous discriminatory practices which have resulted in denial of equal access by the Plaintiff.

## V.   COUNT FOUR – FAILURE TO DESIGN, CONSTRUCT AND ALTER THE FACILITY IN COMPLIANCE WITH ADA STANDARDS

**30.**   Plaintiff incorporates by reference and realleges all the paragraphs above.

**31.**   The ADA requires that all newly constructed facilities be designed and constructed according to architectural standards set by the Attorney General. 42 U.S.C. §§ 12183(a), 12186(b). Those Standards are incorporated into the Department of Justice's regulation implementing title III of the ADA, 28 C.F.R. Part 36, Appendix A. The Standards set architectural requirements for places of public accommodation which were constructed after January 1993. Thus, Defendant violated the statute by failing to design and construct the Store in accordance with the applicable Standards. (see paragraph 13 above).

**32.**   Defendant further violated the Standards by failing to comply with the Standards when altering the facility after its construction. (See paragraph 13 above).

**33.**   To date, architectural barriers remain at the facility due to construction and alteration violations.

34. Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. She is entitled to have her reasonable attorney's fees, costs and expenses paid by the Defendant pursuant to 42 U.S.C. § 12205.

35. Pursuant to 42 U.S.C. § 12188 this Court is authorized to issue an injunction against the Defendant by ordering the facility brought into compliance with the Standards.

**WHEREFORE**, premises considered, Plaintiff, demands judgment against the Defendant on Counts One through Four and requests the following injunctive and declaratory relief:

1. That the Court declare that the Defendant as well as all Defendant's illegal actions violate the ADA, as more particularly described above;

2. That the Court enter an order requiring the Defendant to alter the facility to make it accessible to and usable by individuals with disabilities to the full extent required by the ADA as stated in Count One;

3. That the Court enter an order directing the Defendant to modify its policies, practices, and procedures in order to provide equal access to individuals with disabilities consistent with the ADA as stated in Count Two;

4. That the Court enter an order directing the Defendant to provide full and equal access to the use of the Store, and maintain the required accessible features at the establishment so that Plaintiff, and other individuals with disabilities, enjoy the same experience offered to individuals without disabilities, as stated in Count Three;

5. That the Court enter an order directing the Defendant to remediate the Store to the proper level of accessibility required for the design and construction of the facility as

outlined in Count Four;

6. That the Court award reasonable attorney's fees, costs, (including expert fees) and other expenses of suit, to Plaintiff; and

7. That the Court award such other, further, and different relief as it deems necessary, just, and proper.

Date: February 12, 2019

Respectfully submitted,

_____
BRADLEY D. MCADORY
BPR # MS-10545
ADA Group LLC
4001 Carmichael Road, Suite 570
Montgomery, Alabama 36106
334.819.4030 p
334.819.4032 f
BDM@ADA-Firm.com
*Attorney for the Plaintiff*

_____
PSHON BARRETT, ESQ.
MS Bar No. 2071
ADA Group LLC
4001 Carmichael Road, Suite 570
Montgomery, Alabama 36106
334.819.4030 p
334.819.40432 f
Pshon.Barrett@ADA-Firm.com
*Attorney for the Plaintiff*

## CERTIFICATE OF SERVICE

This is to certify that I have this day filed with the Clerk of Court the aforementioned Complaint for service of process by USPS mail or electronic mail, postage prepaid and properly addressed this 12th day of February 2019 to the following:

THE GAP, INC.
c/o C T Corporation System
Attn: Registered Agent
645 Lakeland East Drive, Suite 101
Flowood, Mississippi 39232

_____
BRADLEY D. MCADORY
BPR # MS-10545
ADA Group LLC
4001 Carmichael Road, Suite 570
Montgomery, Alabama 36106
334.819.4030 p
334.819.4032 f
BDM@ADA-Firm.com
*Attorney for the Plaintiff*